# Toenes *v.* Moog.

*Contest of Claim to Homestead Exemption.*

1.  *Claim of exemption; when and where filed.*—When an execution from a justice's court is levied by a constable on lands, in default of personal property, a claim of homestead exemption may be interposed before the justice, or in the Circuit Court, at any time before an order of sale is granted. (*Sherry v. Brown*, 66 Ala. 51, explained and limited.)

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

The record in this case shows that, on the 6th December, 1884, four separate judgments were rendered by a justice of the peace, in favor of Bernard Moog, " use &c.," against Henry Toenes ; that an execution was issued on each of these judgments, on the 6th December, and was levied by the constable, on the same day, on certain lands, in default of personal property, and notice of the levy was given to the defendant ; that the executions being then returned to the justice, he transmitted a certified copy of the proceedings to the Circuit Court, which was filed on the 13th December, 1884. On the 25th December, 1884, the defendant filed in the office of the probate judge, duly verified by affidavit, a claim of homestead exemption in the lands ; and on the next day, December 26th, he also filed the same claim, or a copy of it, with the clerk of the Circuit Court. In the Circuit Court, at the ensuing Spring term, the plaintiff made a motion to have the cases consolidated, and asked for an order to sell the lands. The defendant objected to the order of sale, on account of the in-

[Toenes v. Moog.]

terposition of his claim of exemption ; and leave being granted to the plaintiff to contest the claim, an issue was thereupon made up between the parties, and submitted to a jury.  While this issue was pending, and during the trial, as the bill of exceptions shows, the plaintiff moved the court " to take the case from the jury, and to grant the order to sell the lands, because the claim of exemption was filed after the levies were made, and was not filed with the constable who made the levies." The court sustained the motion, and granted the order of sale, against the objection and exception of the defendant ; and this action and judgment is now assigned as error.

F. G. BROMBERG, for the appellant, cited *Spencer v. Clark*, 75 Ala. 57 ; *Alley v. Daniel*, 75 Ala. 406 ; *Jarrell v. Payne*, 75 Ala. 577 ; *Shirley v. Teal*, 67 Ala. 482 ; *Zelnicker v. Brigham*, 74 Ala. 598.

W. E. RICHARDSON, *contra*.—The claim of exemption was properly disallowed, because it was not made in accordance with either one of the modes prescribed by statute ; it was not filed until after the levies were made, and it was not filed with the officer who made the levies.—Code, §§ 2828, 2834 ; *Sherry v. Brown*, 66 Ala. 51 ; *Wright v. Grabfelder*, 74 Ala. 460 ; *Abbott, Downing & Co. v. Gillespie*, 75 Ala. 180 ; *Block v. George*, 70 Ala. 409.

STONE, C. J.—Sections 2828 and 2829 of the Code of 1876 provide for declaring homestead and other exemptions of property by residents of this State, and for having them recorded ; and section 2830 provides that, " after the filing of such declaration and claim for record, no execution, attach-. ment, or other process for debt, shall be levied on such property," unless certain named steps be taken.  These sections of the Code have no bearing on this case, so far as the right to levy process on the property is concerned ; for no such claim appears to have been declared, or filed for record.  Section 2834 provides that, " in cases where levy of execution, or other process, has been made, and no claim of exemption of such property has been made and filed for record under section 2828, the claim is not thereby waived."  The section goes on to provide for making such claim after levy, and directs the same "shall be lodged with the officer making the levy, who must, in three days thereafter, give to the plaintiff, his agent, or attorney suing out the process, written notice of such claim ; and such plaintiff, his agent, or attorney, may thereupon contest such claim of exemption in the manner provided in section 2828." [This should be section 2830.]  " If he fail to do

so, within ten days after notice of such claim, the officer levying shall discharge the levy, and restore the personal property to the claimant; and the plaintiff shall be taxed with all costs incurred in making such levy and keeping the property." The machinery for contesting claim of exemption, and the duties imposed on the officer making the levy, are prescribed in sections 2830, 2832, 2835, 2836 and 2837 of the Code. It will be observed they are somewhat complicated, and, when lands are the subject of the levy, are not such as are usually confided to constables of precincts. We refer specially to the provisions of section 2832, which seem to contemplate duties of a higher grade than are ordinarily intrusted to constables, and some of which evidently refer to the levy of process by an officer who is authorized to make sale.

Sections 2828 and 2834 do not provide the only methods by which exemptions may be claimed. The modes prescribed in those sections can not be made applicable to claims of exemption in estates of deceased persons, nor as a defense to proceedings in chancery to subject to the payment of debts equitable assets, or property fraudulently conveyed; nor to a bill to subject the equitable estate of a married woman to the payment of liabilities which, in the absence of the statute, she has fastened as a charge upon it; nor when the claim of exemption is asserted to a fund sought to be subjected in garnishment. There are other categories in which the claim of exemption is allowed to have its full effect, although not asserted in the manner prescribed by either of the sections 2828 or 2834.—*McGuire v. Van Pelt*, 55 Ala. 340; *Wilson v. Brown*, 58 Ala. 62; *Randolph v. Little*, 62 Ala. 396; *Fellows v. Lewis*, 65 Ala. 343; *Shirley v. Teal*, 67 Ala. 449; *Farley v. Riordon*, 72 Ala. 128; *Keel v. Larkin*, 72 Ala. 493, 503; *Zelnicker v. Brigham & Co.*, 74 Ala. 598; *Jarrell v. Payne*, 75 Ala. 577.

If the claim of exemption is not interposed until after order of condemnation is pronounced in a garnishment suit, it comes too late.—*Randolph v. Little, supra.* So, in *Sherry v. Brown*, 66 Ala. 51, it was rightly held, that when lands are levied on by a constable, for want of personal property, and the land has been, by order of the court, directed to be sold (Code of 1876, §3640), claim of exemption not previously interposed will be disallowed. It was added that "the affidavit of exemption should have been filed by the defendant before the justice's court, and returned to the ensuing term of the Circuit Court, with the other papers in the cause." We do not doubt that a claim thus interposed, if sent up by the justice, and thus brought to the knowledge of the Circuit Court before any order is made for the sale of the land, would be in time, and should cause

[Toenes v. Moog.]

the court to withhold an order of sale, until the claim of exemption is disposed of. Such claim, rightly interposed, and brought to a knowledge of the court, is a complete answer and bar to the motion for an order of sale, if sustained in its essential facts. We do not think, however, that section 2834 of the Code is adapted to, or was intended to apply to such a case as this. A constable who levies on land has no authority to make sale of it, and, as stated above, the steps to be taken, and the official functions to be exercised under sections 2832, 2834, 2835, and 2836, while they are germane to final process under which the officer levies and may make sale, are not adapted to the mere initiatory function of a constable who levies on land for want of personal property, and has no authority to make a sale. His authority and duty expire when he indorses the levy, gives notice to the defendant, and returns the process to the justice by whom it was issued. It is only after the Circuit Court approves the justice's proceedings as regular, and directs a sale of the land, the lien becomes complete.—*Dickerson v. Carroll*, 76 Ala. 377.

The case of *Sherry v. Brown* did not raise the question presented by this record; for, in that case, as we have shown, no claim was interposed until after the order of sale was granted. In this case, the claim was interposed in the Circuit Court as a bar and defense to the motion for order of sale; the claim was controverted, and an issue was formed on the validity of the claim. We hold, that any remarks found in the opinion in *Sherry v. Brown*, to the effect that, unless the claim was filed by the defendant before the justice's court, the right of exemption was waived, must be treated as not raised by the record in that case, and can not be followed. We hold further, that the claim of homestead exemption filed in this case was in time, and, after the amendment, was in correct form. *Block v. Bragg*, 68 Ala. 291; *Block v. George*, 70 Ala. 409. The Circuit Court erred in taking the case from the jury, and in granting the order of sale at that stage of the proceedings. The case should have been allowed to proceed to final determination on the issue.

Reversed and remanded.