# Lackland *v.* Rogers.

113  529|
s117 600|

*Contest of a Claim of Homestead Exemption.*

1. *Claim of homestead exemption; waiver of right.*—Where an execution from a court of a justice of the peace is levied on lands in default of personal property, a claim of homestead exemption to be effectual must be interposed before an order of sale of the land is made by the circuit court; and if not so interposed, the right to claim a homestead exemption is effectually waived and lost as against such execution.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

The object of this proceeding was to contest a claim of homestead exemptions, under sections 2520 and 2521 of the Code of 1886.

The appellant had obtained judgment against the appellee in a justice's court, upon which execution was issued, and, in default of personal property sufficient to satisfy the execution, the process was levied upon certain real estate, as the property of appellee. The execution was returned to the justice, who thereupon transmitted all the papers in the cause to the next ensuing term of the circuit court of Clarke county. Said court granted an order for the sale of the lands to satisfy the execution. This proceeding was under the provisions of the Code of 1886, sections 3359 *et seq.* The sheriff proceeded to advertise the lands for sale under an *alias venditioni exponas*, in obedience to said process. Appellee filed with the sheriff an exemption claim, claiming the lands as a homestead and as exempt from sale under said process. The claim was filed after an order of sale was granted by the circuit court, but before sale thereunder.

The grounds of the plaintiff's contest were as follows: "1. The failure of claimant to interpose the claim before an order of sale was granted by the circuit court for the sale of the lands to satisfy the execution. 2. Because by the failure of claimant to file his claim in the circuit court before an order of sale or condemnation

34

was therein rendered, he waived his right to claim said property as exempt against said execution."

The court refused to give at the request of the plaintiff, the general affirmative charge in his favor, but gave, at the request of the defendant, the general affirmative charge in his behalf. To each of these rulings the plaintiff separately excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the charges asked.

LACKLAND & WILSON, for appellant.—The claim comes too late, and the right to it is waived, unless interposed before the order of sale is granted by the circuit court. *Sherry v. Brown*, 66 Ala. 51; *Toenes v. Moog*, 78 Ala. 560. The case of *Sherry v. Brown, supra*, decides this single question, and has been many times cited with approval by this court.—*Wright v. Grabfelder*, 74 Ala. 462; *Clark v. Spencer*, 75 Ala. 57; *Todd v. McCravey*, 77 Ala. 471; *Toenes v. Moog*, 78 Ala. 560; *Hines v. Duncan*, 79 Ala. 115; *Stanley v. Ehrman*, 83 Ala. 216; *Seals v. Pheiffer*, 84 Ala. 361.

No counsel marked as appearing for appellee.

McCLELLAN, J.—Under statutory provisions having reference to proceedings when an execution from a justice's court is levied on land, and to the time and manner of interposing a claim of exemption of the land so levied on, as the homestead of the defendant, it is settled by the decisions of this court that such claim is effectually waived and lost as against such execution unless it be interposed before an order for the sale of the land is made by the circuit court.—*Sherry v. Brown*, 66 Ala. 51; *Toenes v. Moog*, 78 Ala. 558.

The claim of homestead exemption was not made in this case until long after the order of sale had been entered by the circuit court. It came too late: and on the issue of exemption *vel non* the court should have given the affirmative charge requested by the plaintiff in execution.

Reversed and remanded.