# Rogers v. Lackland.

*Contest of a Claim of Homestead Exemption.*

1. *Claim of homestead exemption; waiver of right.*—Where an execution from a court of a justice of the peace is levied on lands in default of personal property, a claim of homestead exemption to be effectual must be interposed before an order of sale of the land is made by the circuit court; and if not so interposed, the right to claim a homestead exemption is effectually waived and lost as against such execution.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

The appellee, J. T. Lackland, obtained a judgment in a justice of the peace court against the appellant, W. J. Rogers. On this judgment execution was issued and was levied by the constable upon the homestead of Rogers, in default of personal property. The execution was returned to the justice with the indorsement of the constable, and the papers were then transmitted to the circuit court. At a subsequent term of the circuit court, Lackland asked for and obtained an order directing a sale of the lands levied upon. After the adjournment of the court and after the sheriff had advertised the lands, but before the sale, Rogers filed, in due and proper form, his claim of exemption with the sheriff, under section 2521 of the Code of 1886. Thereupon the contest was had, and upon the trial thereof, under the adverse rulings in the circuit court, judgment was rendered in favor of Lackland, the contestant, disallowing the claim of exemptions of W. J. Rogers. From this judgment the present appeal is prosecuted, and the rendition thereof is assigned as error,

[Rogers v. Lackland.]

PILLANS, TORREY & HANAW, for appellant, cited *Kennedy v. Bank*, 107 Ala. 170 ; *Boylston v. Rankin*, 114 Ala. 408 ; Constitution of Alabama, Art. X, § 2.

LACKLAND & WILSON, contra, cited *Lackland v. Rogers*, 113 Ala. 529 ; *Toenes v. Moog*, 78 Ala. 558 ; *Sherry v. Brown*, 66 Ala. 51.

BRICKELL, C. J.—When this case was before the court at a former term (*Lackland v. Rogers*, 113 Ala. 529), relying upon and following *Sherry v. Brown*, 66 Ala. 51, as explained in *Toenes v. Moog*, 78 Ala. 558, we held, that when there is a levy of execution issuing on a judgment of a justice of the peace, on land forming the homestead, a claim of exemption must be interposed before the order of sale is granted by the circuit court—otherwise, the right of exemption is waived and lost. It is conceded by the counsel for appellant, that unless there is departure from this conclusion, there must be an affirmance of the judgment of the court below. Whether it is competent for the General Assembly to create a bar to the right of exemption, by prescribing any rule requiring it to be asserted at any time before a sale, or what may be the true construction of the present, when compared with pre-existing statutes, if the question were *res integra*, we will not now consider. The question involved, relates to a claim of exemption of the homestead, in a particular instance only—the levy of an execution issuing on a judgment of a justice of the peace, followed by the grant of an order of sale by the circuit court. The whole procedure informs the defendant that the subjection of the land to the payment of the judgment is the end to be accomplished—and by interposing the claim of exemption he may defeat it. Upon a question of this character, there should not be *oscillation* of judicial decision. Let the judgment be affirmed.