(84 South. 267)

CROSS et al. v. BANK OF ENSLEY.
(6 Div. 896.)

(Supreme Court of Alabama. Nov. 13, 1919. Rehearing Denied Dec. 24, 1919.)

1. MORTGAGES ⬤⟞319(1)—BURDEN OF SHOWING CREDITS IN SUIT TO REDEEM HELD TO BE UPON COMPLAINANTS.

In a suit by mortgagors to exercise the equity of redemption, wherein they insisted that they were entitled to certain credits which would largely reduce the debt as claimed by defendants, the burden rested upon them to reasonably satisfy the court that the amount of indebtedness was less than that stated in the notes and mortgages.

2. INTEREST ⬤⟞31—INTEREST PROPERLY CALCULATED AT LEGAL RATE WHERE NO AGREEMENT FOR HIGHER RATE.

Where there is nothing showing an agreement as to usurious interest, interest is properly calculated at the legal rate.

3. MORTGAGES ⬤⟞233 — TRANSFER OF MORTGAGE WITHOUT WITNESSES OR ACKNOWLEDGMENT HELD TO CREATE EQUITABLE INTEREST.

A transfer of a mortgage by the mortgagee in a separate instrument without witnesses or acknowledgment to the mortgagee's signature creates an equitable interest in the transferee enforceable in a court of equity.

4. MORTGAGES ⬤⟞28—UNWITNESSED AND UNACKNOWLEDGED MORTGAGE HELD ENFORCEABLE IN EQUITY.

A mortgage neither witnessed nor acknowledged *held* to create in the mortgagee an equitable mortgage enforceable in a court of equity.

5. SUNDAY ⬤⟞13 — MORTGAGE EXECUTED ON SUNDAY NOT VOID WHERE DELIVERED ON SECULAR DAY.

That a mortgage was executed on Sunday did not render it void, where left with the mort-

gagor's father, at whose request it was executed, and delivered to the mortgagee on a secular day; the mortgage taking effect from the date of delivery.

6. HOMESTEAD ☞213, 214—CLAIM THAT PART OF MORTGAGED PREMISES WAS HOMESTEAD HELD INSUFFICIENTLY PRESENTED IN EVIDENCE AND PLEADING.

In a suit to enforce redemption of certain mortgages, alleged to be void because the mortgagor occupied a part of the land as a homestead, and there was no acknowledgment by the wife, proof to the effect that part of the land was occupied as a homestead, without reference in the pleading or proof as to what part was so occupied, was insufficient to present a claim of homestead.

7. EQUITY ☞66—MAXIM, "HE WHO SEEKS EQUITY MUST DO EQUITY," APPLIED TO CANCELLATION OF MORTGAGE.

In suit to enforce the right of redemption under a certain mortgage, cancellation of such mortgage cannot be had without an offer on the part of mortgagor to pay what was justly due on the mortgage indebtedness, since he who seeks equity must do equity.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Suit by Z. Cross and another against the Bank of Ensley and others to redeem from certain mortgages, with cross-bill by defendant named for foreclosure. From a decree granting relief under the cross-bill, complainants appeal. Affirmed.

Pinkney Scott, of Bessemer, for appellant. The deed or mortgage from R. C. Cross is void. 130 Ala. 393, 30 South. 553 and cases there cited. The deed or mortgage was neither properly witnessed nor acknowledged. Section 3355, Code 1907; 140 Ala. 378, 37 South. 275, 1 Ann. Cas. 319.

Estes & Jones, of Bessemer, for appellee. In any event the conveyance was an equitable mortgage. 155 Ala. 568, 46 South. 850; 147 Ala. 243, 41 South. 304. The mortgage was not delivered on Sunday, but on a secular day, and hence was valid and binding. 117 Ala. 575, 23 South. 487; 76 Ala. 342; 27 A. & Ency. of Law, 405.

GARDNER, J. Appellant Z. Cross and his son R. C. Cross filed the original bill in this cause against the Bank of Ensley, seeking the exercise of the equity of redemption as to two certain mortgages held by said bank, one executed by Z. Cross and his wife to G. P. Martin, which the bank held as transferee, and the other executed by R. C. Cross and wife direct to said bank.

It was insisted that the complainants were entitled to certain credits which would largely reduce the debt as claimed by the respond-

ents, and that more than 8 per cent. interest had been charged.

By an amendment to the bill the ownership of the bank as to the mortgage of Z. Cross was attacked on the ground that the same had been transferred by the original mortgagee, G. P. Martin, through a separate instrument which was not witnessed or acknowledged. The mortgage of R. C. Cross to the respondent bank was attacked upon the ground that it was executed on Sunday, and that it was neither witnessed nor acknowledged. It was also stated in a general way that some of the lands embraced in the mortgage of R. C. Cross were his homestead.

The bill was answered, and the respondent bank also filed a cross-bill seeking the foreclosure of said mortgages. A decree was entered referring the question of indebtedness to the register for an accounting and ascertainment of the amount due; but the parties subsequently had this decree of reference abandoned, and consented that the cause should be tried before the court by oral testimony and final decree thus rendered. This course was pursued, resulting in a decree dismissing the complainants' bill as amended, and granting to the cross-complainants the relief sought in the cross-bill, ordering a foreclosure of the mortgages after a reasonable time within which the cross-respondents were permitted to satisfy the indebtedness found to be due by the court. From this decree this appeal is prosecuted and errors separately assigned.

[1] Upon the question of indebtedness the court found the amount due as was insisted upon by the cross-complainants. The proper determination of this question is not one free from difficulty, as the evidence, as found in the record, is not entirely clear, and leaves the mind in a state of some doubt and confusion. The burden rests upon the complainants to reasonably satisfy the court that the amount of indebtedness was less than that stated in the notes and mortgages. There was evidence before the court tending to show that, when these mortgages were placed in the hands of counsel for cross-complainants for collection and foreclosure, the question of the amount of the indebtedness was gone over, and the credits claimed by the original complainants were checked up and found to be upon the books, and that the amount of indebtedness was agreed upon. While there may be conflict in the testimony in some particulars, yet the court had the witnesses before him, and, upon a careful consideration of the evidence, we are not persuaded that his conclusion thereon should be disturbed.

[2] There is nothing in the pleading or proof showing an agreement between the parties as to usurious interest, and the calculation was properly made at the legal rate.

Pearsall v. Hyde, 189 Ala. 86, 66 South. 665.

[3, 4] As noted above, affirmative relief was granted cross-complainants in the foreclosure of the mortgages here involved, and we proceed to a consideration of the attacks made upon their 'validity. The evidence tends to show that R. C. Cross was the son of Z. Cross, and the execution of the mortgage by him was for the better security of his father's indebtedness as well as further advancement to his father, and this was the extent of his interest in the matter. The debt of Z. Cross was originally due to G. P. Martin, now deceased. In October, 1911, the said Martin, by separate instrument, transferred to the Bank of Ensley the mortgage of Z. Cross here involved, as well as certain notes secured thereby, but his signature thereto was not witnessed nor was there any acknowledgment. The insistence is made that this was insufficient to vest title in the said bank, and therefore the bank had no right to foreclose. It also appears from the proof that the mortgage of R. C. Cross to the bank was neither witnessed nor acknowledged, and the same argument is presented as to this mortgage also. The case of Markham' v. Wallace, 147 Ala. 243, 41 South. 304, sufficiently demonstrates that the transfer of the Z. Cross mortgage to the bank created an equitable interest in the transferee in said mortgage enforceable in a court of equity, and that likewise the mortgage of R. C. Cross to said bank, although unattested or unacknowledged, created in the bank an equitable mortgage likewise enforceable in a court of equity, and that this insistence is without merit.

[5] It is further urged that the mortgage of R. C. Cross is void for the reason that it was executed on Sunday. While the evidence does show that R. C. Cross signed this mortgage at the home of his father on Sunday, yet there is evidence tending to show that he left the instrument with his father to be delivered by the latter to the bank. The mortgage duly signed and dated and delivered at a subsequent date, takes effect from the date of the delivery.

"The writing and signing of a note on Sunday is not the execution of it on that day, unless it be delivered on that day to the payee; delivery being essential to make it operative as a contract. If delivered on a subsequent day, not Sunday, it takes effect as a valid instrument from the day of delivery." Woodstock Iron Co. v. Richardson, 94 Ala. 629, 10 South. 144.

There is evidence from which it may be reasonably inferred that R. C. Cross left the mortgage at his father's home on Sunday with the understanding, at least impliedly, that the father should deliver the same to the bank, as he had requested the execution of the mortgage by his son for his (the father's) protection, and that the mortgage was subsequently delivered to the bank by the father on a secular day. We conclude, therefore, that this insistence is also without merit. Flanagan v. Meyer, 41 Ala. 135.

[6] The real estate embraced in the mortgage of R. C. Cross to the bank is much more than that allowed by the homestead exemption; but there is some suggestion in the pleading that the entire mortgage is void for the reason that the mortgagor occupied a part of the land as a homestead, and there was no acknowledgment by the wife. There is also proof to the effect that R. C. Cross did occupy a portion of the land as his homestead. There is no reference either in the pleading or proof as to what part of the land was so. occupied, and no reference whatever to be found in the record as to valuation. In fact, there has been no claim of homestead presented in this cause except in the general way above stated, and, of course, no homestead selection. Slappy v. Hanners, 137 Ala. 199, 33 South. 900.

As to whether or not the mortgagor is now precluded from hereafter asserting any homestead right or making any homestead selection is not a question presented here for consideration, and as to which, therefore, we intimate no opinion. We cite without comment Kennedy v. First Nat. Bk., 107 Ala. 170, 18 South. 396, 36 L. R. A. 308. It may be that the matter was given scant consideration on account of the fact that the bank also held by transfer a mortgage on the same property executed by Z. Cross to G. P. Martin, the validity of which is not here attacked.

[7] Of course, as to the original bill, cancellation of said mortgage could not be had without an offer on the part of the mortgagor to pay what was justly due on the mortgage indebtedness under the maxim, "He who seeks equity must do equity." Grider v. Am. Freehold Land Co., 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58.

We have here considered the questions presented by counsel for appellants upon this appeal, and, finding no error, the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.