(87 South. 843)

### CROSS v. BANK OF ENSLEY et al.
### (6 Div. 130.)

(Supreme Court of Alabama. Jan. 27, 1921.)

**1. Judgment  &#9758;445 — Supreme Court's affirmance of judgment conclusive as to matter determined in subsequent action to annul judgment.**

Supreme Court's opinion, affirming a judgment against plaintiff is conclusive as to matters therein determined against plaintiff in plaintiff's subsequent action to annul and avoid the judgment.

**2. Subrogation  &#9758;28 — Not enforceable until whole debt paid.**

Subrogation cannot be enforced until the whole debt has been paid.

**3. Subrogation  &#9758;36—Not enforced to prejudice of creditor.**

Subrogation will not be enforced if the rights of a creditor are in the least prejudiced thereby.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Homestead ⊜193 — Claim of exemption may be interposed at any time before sale.**

In view of Code 1907, § 4174, a claim of homestead exemption may be interposed at any time before a foreclosure sale of mortgaged property.

**5. Homestead ⊜193 — Claim of exemption made in action in which order of sale has been made, instead of in separate action.**

A claim of homestead exemption is to be made in the action in which order of sale had been granted, instead of by the institution of a separate action to annul the decree ordering the sale.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by R. C. Cross against the Bank of Ensley and others, to annul and avoid a decree formerly rendered in the case of Cross and others against the Bank of Ensley, and for other relief. From a decree for respondents, complainant appeals. Affirmed.

See, also, post, p. 277, 87 South. 845.

Pinkney Scott, of Bessemer, for appellant.

The bill makes a strong case of subrogation and contribution. 62 Ala. 404; 26 Ala. 728, 62 Am. Dec. 747; 21 Ala. 705, 56 Am. Dec. 283; 204 Ala. 224, 85 South. 498; 204 Ala. 218, 85 South. 444.

Estes & Jones, of Bessemer, for appellees.

The judgment cannot be vacated or defeated on the facts alleged. 71 Ala. 461; 16 Ala. 95; 22 Ala. 150; 80 Ala. 188; 114 Ala. 562, 21 South. 490, 62 Am. St. Rep. 133; 83 Ala. 227, 3 South. 622; 74 Ala. 604.

GARDNER, J. Complainant in this bill (appellant here), together with his father, Z. Cross, had previously filed a bill against the same respondents to this suit, for the exercise of equity of redemption as to certain mortgages executed to one G. T. Martin, and transferred to the Bank of Ensley, and also one executed direct to said bank, disputing the amount claimed as due thereon, and also setting up usury. The validity of these mortgages was also attacked. The respondents filed a cross-bill, and the question of the indebtedness was fully gone into and ascertained by the court, resulting in a final decree in favor of the cross-complainants, ordering a foreclosure of the mortgages separately as to Z. Cross and R. C. Cross. That cause reached this court for review, and the decree of the court below was affirmed. Cross et al. v. Bank of Ensley, 203 Ala. 561, 84 South. 267.

[1] Subsequent thereto the bill in the present case was filed, which refers to the former litigation, and the opinion rendered by this court is attached as an exhibit thereto. Many of the questions set up in the bill were considered and determined on the appeal in the former suit, which is, of course, binding and conclusive against the complainant here.

It is noted that Z. Cross is not a party to this litigation, and R. C. Cross is alone the party complainant, and much is said in the averments of the bill, as well as in brief of counsel, to the effect that complainant is entitled to be subrogated to the mortgage held by the Bank of Ensley or J. T. Martin as administrator of G. P. Martin, deceased, against Z. Cross. Complainant insists that he only executed the mortgage upon his property to better secure the debt of his father, Z. Cross; and that the latter was to be given credit for the amount of the mortgage executed by complainant, which was not done; and that complainant should be subrogated to the rights of respondent in the mortgage of Z. Cross upon the payment of the sum named in the decree against the complainant only.

[2, 3] It clearly appears, however, that this latter question was fully litigated in the former suit, and is not to be now reopened. It is not claimed by complainant that either he or his father has paid any part of the indebtedness. The general rule in regard to subrogation was stated in Atherton v. Tesch, 202 Ala. 448, 80 South. 832, to the effect that before subrogation can be enforced the whole debt must be paid, and, further, that subrogation will not be enforced if the rights of a creditor are to be in the least prejudiced thereby. Counsel for appellant cite Dothan Gro. Co. v. Dowling, 85 South. 498;[1] Searcy v. Shows, 85 South. 444;[2] Knighton v. Curry, 62 Ala. 404. But an examination of these authorities readily disclose the averments of the bill here in question do not bring the same within the influence of the principle therein announced.

Much stress is laid by counsel upon the averments of the bill to the effect that pending the litigation the Bank of Ensley retransferred the mortgage debt to J. T. Martin, administrator of G. P. Martin, deceased, and in a general way it is averred that this worked a fraud upon complainant here. The administrator is a party to this suit, and appears also to have been a party respondent to the former litigation, and it is not disclosed how such a retransfer could have been a fraud upon, or worked any injury to, complainant.

In paragraphs 2 and 3 of the present bill, the complainant shows that the lands upon which he has resided as his homestead for a long number of years was at one time jointly owned by himself and his father, Z. Cross, but that a satisfactory division thereof has been made, and a deed of his father's interest conveyed to him the land on which he resides and so occupied as a homestead. A description of the homestead is set out in paragraph 2, which also avers that he has

---

filed his declaration, claiming the same as exempt, and the prayer of the bill seeks to have this homestead preserved to him from sale.

In the former litigation attention was directed by the court to the fact that this complainant had made no specific selection of a homestead and no definite claim of exemption, although the bill did allege that said lands constituted his homestead, but this was in connection with an attack upon the validity of the mortgage. The question, however, as to whether or not he was precluded from thereafter asserting his homestead right was left open, as not being then presented for determination.

In Lewis v. Lewis, 201 Ala. 112, 77 South. 406, the court said:

"The homestead laws, as a system, including even those exempting the homestead to the husband, are not for the sole benefit of the husband, but are for the benefit of the wife and children as well, even during the husband's life. * * * This court has uniformly held that the homestead laws are to be liberally construed, to the end of advancing their beneficial objects, by giving effect to the manifest purpose of the Constitution makers and of the Legislature in conferring the rights."

It has been held by this court that the claim of exemption may be interposed at any time before a sale of the property. Hines v. Duncan, 79 Ala. 112, 58 Am. Rep. 580; Martin v. Lile, 63 Ala. 406; Kennedy v. First Nat. Bank, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308. However, upon this question the authorities are in conflict, as will be found by a reading of section 715 et seq., Thompson on Homesteads and Exemptions, with authorities cited in notes.

While we recognize the feature which differentiates the Kennedy Case, supra, from that here under consideration, yet we are persuaded, after an examination of the majority opinion in connection with that of the dissenting justice, that this question was settled by that decision, to the effect that in a case of this character the claim of homestead exemption may be asserted any time prior to the sale thereof.

In the former opinion we quoted the following extract from the Kennedy Case:

"It may be admitted that, in a direct proceeding in equity against one who is the owner of lands to condemn them to sale, in which he has a right of homestead exemption, and who in making answer sets up no claim to such exemption, and allows them to be condemned to sale for the payment of decree rendered against him, and they are sold thereunder, he will be held to have waived his right to claim, and would not be heard afterwards to complain. Clarke v. Spencer, 75 Ala. 57."

This language was quoted in the dissenting opinion in the Kennedy Case, with the words "and they are sold thereunder" italicized; that phrase marking the difference of view in the court.

The authorities generally note the fact that as to homestead exemption the husband is not alone interested, but likewise the wife and children. Speaking to this question in the Kennedy Case, supra, it was said:

"Waiver of this right, which is deemed so necessary in our law to be preserved for the benefit of the family relation, are not to be favored and declared, except when deliberately and fairly made. In keeping with this policy, it has been held that, though the statutes make no provision for such a claim or contest in a court of chancery, yet the right being clear and of constitutional guaranty, that court will grant relief in such cases coming before it, according to its own peculiar methods. The right must not be denied on any technical or unsubstantial ground."

[4] We are persuaded, therefore, that this question was fully considered and finally determined in the Kennedy Case, and must be now accepted as the settled doctrine of this court, and such conclusion is in accord with our statute. Section 4174, Code 1907. The cases of Rogers v. Lackland, 117 Ala. 599, 23 South. 489, Lackland v. Rogers, 113 Ala. 529, 21 South. 341, Sherry v. Brown, 66 Ala. 51, and Toenes v. Moog, 78 Ala. 558, dealt with cases involving an execution from a justice of the peace court, levied upon lands, and were rested upon the provisions of the statute in respect to the condemnation thereof, and are not in conflict with the authorities above cited.

[5] We are therefore of the opinion that the complainant should present his petition in the cause considered by this court on former appeal, and in which the order of sale was granted, and there assert his right to homestead exemption, where the court of equity may grant relief according to its own peculiar methods. Tonsmere & Craft v. Buckland, 88 Ala. 314, 6 South. 904. There is no occasion for the assertion of this homestead right by a separate bill, as seems to be attempted here, but, as previously stated, the petition should be presented in that cause wherein by the decree of the court the lands are ordered sold. This course, we presume, complainant's counsel will pursue.

It is not insisted that the bill is one to set aside the former decree for fraud in its procurement (De Soto Coal Min. & Dev. Co. v. Hill, 188 Ala. 667, 65 South. 988), nor is it urged that it is framed as a bill of review, either for error apparent upon the record or newly discovered evidence.

The demurrer to the bill was properly sustained, and the decree will be here affirmed.

Affirmed.

All the Justices concur.