(92 South. 410)

**CROSS et al. v. MARTIN et al.** (6 Div. 573.)

(Supreme Court of Alabama. Jan. 12, 1922.)

**1. Equity ⊜263—Bill seeking annulment of foreclosure decrees held properly stricken on motion.**

An original bill seeking to annul for fraud decrees in process of execution in foreclosure of mortgages and to have asserted homestead rights excluded therefrom was properly stricken on motion.

**2. Mortgages ⊜496—Disavowal by mortgagee of interest in decree of foreclosure does not warrant annulment.**

Disavowal by a mortgagee of any interest in a decree in his favor foreclosing a mortgage does not warrant annulment of the decree, as the mortgagee may have assigned or transferred his interest.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Z. Cross and others against W. L. Martin and T. J. Martin individually and J. T. Martin, as administrator, and others, to prohibit the carrying out of certain decrees and to enjoin and restrain the respondents from enforcing said decrees. From a decree dismissing the bill, complainants appeal. Affirmed.

It appears from the allegations of the bill that there are two decrees in the circuit court of Bessemer in the name of the Bank of Ensley as cross-complainant against these respondents authorizing and ordering a sale of certain real estate therein mentioned and described under foreclosure of a mortgage; that these decrees are dormant, in that no process or other measures have been taken to enforce said decrees; that the Bank of Ensley claims no interest or property in these decrees; but that the respondents are seeking and endeavoring to have the decrees put into force and effect by seeking to obtain an order of sale. The bill alleges fraud and conspiracy in the procurement of the decrees and also sets up that parts of the land sought to be sold are impressed to be sold as homesteads, etc.

Pinkney Scott, of Bessemer, for appellants.

Counsel discusses the facts, with the insistence that the court erred in dismissing the bill, but he cites no authorities in support of his contentions.

Estes & Jones, of Bessemer, for appellees.

The contentions of the appellant are fully met, and the action of the court fully sustained, by the following case: 64 Ala. 486.

McCLELLAN, J. [1] The appellants sought, by a pleading in form an original bill, to have annulled a decree or decrees entered in a cause or causes, pending on the equity docket of the same court, which court was, at the time this pleading was filed, engaged in the process of having executed such decree or decrees. The "bill" appears to seek to impeach and to annul such decree or decrees for fraud, and to have excluded asserted homestead rights from subjection to the mandate of the court. The decree or decrees thus assailed seem to have been rendered in the exercise of equity's power to foreclose mortgages. Justification of the court's action in striking the "original bill," on motion of appellees, as well as sufficient explanation of the status involved, is to be found in these deliverances of this court. Cross v. Bank of Ensley, 203 Ala. 561, 84 South. 267; Cross v. Bank of Ensley et al., 205 Ala. 274, 87 South. 843; Cross v. Bank of Ensley et al., 205 Ala. 277, 87 South. 845.

[2] The fact, if as averred, that the Bank of Ensley presently disavows any interest in

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the decree or decrees in its favor, affords no warrant whatever to annul the decree or decrees. Non constat its interest in the decree or decrees, into which the mortgage or mortgages have become merged, may have been assigned or transferred. It is not pretended that the decree or decrees have been satisfied or their mandate performed. If homestead claim or right exists, the law governing its assertion is stated in Cross v. Bank of Ensley, 205 Ala. 274, 277, 87 South. 843, 845.

The like considerations preclude appellants from any relief by mandamus, alternately prayed.

The decree sustaining the motion indicated is affirmed.

Affirmed.


ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.