46 So.2d 204
**B. F. GOODRICH SILVERTOWN STORES, Inc., et al. v. BROWN.**

8 Div. 389.

Supreme Court of Alabama.

May 4, 1950.

Ben L. Britnell, of Decatur, for appellee.

Russell W. Lynne, of Decatur, for appellants.

FOSTER, Justice.

This case comes here on appeal by the respondents from an interlocutory decree

of the circuit court, in equity, overruling a demurrer to certain aspects of an original bill filed by appellee wherein the demurrer to certain other aspects was sustained. The latter feature of said decree is not directly involved on this appeal, since the appellee, who was a complainant in the lower court, has not cross assigned errors.

The bill was filed by the appellee against the appellant and others praying that it be treated as a bill in the nature of a bill of review for the purpose of setting aside and vacating a decree of the same court dated June 20, 1946, and also seeking to have the court decree that the property embraced in said former proceeding, sought to be reviewed, be set aside as a homestead to the complainant, who is the widow of one Harvey Brown, and to his children who were minors at the time of his death and who are also made parties respondent to this bill.

The decree of June 20, 1946, sought to be reviewed by the present bill, was rendered on a bill filed by appellant B. F. Goodrich Silvertown Stores, Inc., by its attorney, Russell W. Lynne, for the purpose of vacating and setting aside a certain deed executed by Harvey Brown to the complainant in the instant case, who was his wife at the time the deed was executed on the 14th day of May, 1945. The original bill in that case made the present complainant a party respondent together with the said Russell W. Lynne as administrator ad colligendum of the estate of Harvey Brown who was then deceased.

In the third paragraph of the bill in the instant case it is alleged that in the former suit, above referred to, there appears to have been filed an answer to the original bill signed by this complainant who was the respondent in that case in her own proper person, in which she admits all the allegations of the original bill and consents that the cause be submitted without further notice and that the property be advertised and sold by the register and the proceeds of the sale paid first to the complainant B. F. Goodrich Silvertown Stores, Inc., in the sum of $550.35, together with interest thereon, and court costs, and the sum of $150.00 be paid to said Russell W. Lynne as solicitor for complainant.

It is further alleged in said third paragraph of the bill in the instant case that complainant (appellee) "does not and did not at that time admit that the conveyance from Harvey Brown to herself was fraudulent; that she did not confess, or attempt to confess said judgment; that the matters and other things set up in paragraph six of said answer were not explained to complainant and she did not consent to the matters and things set forth therein; that she did not read said answer; that subsequent to the rendering of the decree in this cause she has learned that said answer was a confession of judgment in favor of B. F. Goodrich Silvertown Stores, Inc., and an agreement to pay to the said Russell W. Lynne as solicitor for complainant $150.00 attorney's fee; complainant further states that the admission in paragraphs one to five of said answer were not explained to her and she did not intend to sign an answer admitting all of said allegations; that in addition thereto the said Russell W. Lynne as administrator ad colligendum answered his own bill filed as an attorney or as solicitor for and on behalf of B. F. Goodrich Silvertown Stores, Inc., a corporation, by assenting to the answer of the complainant in this cause who was a defendant in the former suit."

The bill in that case alleged that the amount of the indebtedness was by open account and did not set up a claim on the part of the debtor to pay an attorney's fee for the collection of the debt. The bill was also answered by Russell W. Lynne as administrator ad colligendum, concurring in said answer of this complainant. The cause was submitted on note of testimony for the complainant signed by Russell W. Lynne as solicitor for complainant with no note of testimony on behalf of respondent. The decree of the court responded to said answer of this complainant and the said Russell W. Lynne as such administrator, vacated the deed executed by said Harvey Brown to this complainant and divested out of her all the right, title and interest which she acquired under and by virtue of said

deed and condemned said property to be sold to satisfy the claim of the B. F. Goodrich Silvertown Stores, Inc. Said deed recited that it was given by the grantor, Harvey Brown, to his wife for money she loaned him on March 26, 1945, for which he had given her a mortgage on said land, which was duly recorded.

The bill in the instant case alleges that the decree in the former suit appointed a special register to make a sale of said property at public outcry at the courthouse at Decatur on July 19, 1946, and directed the manner in which the proceeds should be applied. Before said sale took place and on July 5, 1946, Charles Calvin Brown, a son of said Harvey Brown, but who was not one of his minor children at the time of his death, made an affidavit on behalf of this complainant as the wife and said four minor children, declaring that the property involved in said litigation, ordered to be sold, was the homestead of said Harvey Brown at the time of his death, that he had no other real estate and that it was worth at the time of his death over and above the amount of the mortgage debt which he had executed to his wife in the sum of $1500.00, not exceeding $2,000.00 nor in area one hundred and sixty acres, and filed it in the office of the judge of probate of Morgan County and in the office of the register of the circuit court, in equity, in which said cause had been pending.

Complainant in the instant case also alleged in her bill that on July 19, 1946, according to the order of the court in that cause, said special register proceeded to sell said land so described and at said sale Mrs. Earline Lynne, the wife of Russell W. Lynne, became the purchaser for the sum of $750.00, which sum of money the register reported had been paid in cash. She further alleged that on July 22, 1946, she filed her objections and exceptions to the above described sale and that on July 29, 1946, the said Earline Lynne as purchaser of said property by Russell W. Lynne, as her attorney, gave notice that they would move to submit the cause for a decree confirming the sale on August 10, 1946. The bill in the instant case was filed on August 7, 1946, and said motion for confirmation has not been determined.

The court made an order on said August 7, 1946, suspending all proceedings in said former cause until the further orders of the court upon the execution of a bond by this complainant, which bond appears by the record to have been executed. The respondents, presumably referring to the B. F. Goodrich Silvertown Stores, Inc., Russell W. Lynne as administrator ad colligendum and Earline Lynne, filed demurrer to the bill of complaint as a whole and to the several parts thereof separately and severally, and especially to that aspect of it contained in the third paragraph set out above.

The demurrer was also addressed to that aspect of the bill which sets up the claim that the property, the subject matter of the suit, was the homestead of Harvey Brown at the time of his death, and that the same was exempt to the widow and minor heirs of said Harvey Brown. It was the demurrer to that phase of the bill which was overruled by the court and which is made the basis of some of the assignments of error by the respondents.

Reduced to a simple statement of what the contention is, the question presented by this appeal is whether or not under the circumstances above stated, the widow and minor children are entitled to have allotted to them the property in question as the homestead of Harvey Brown or the proceeds of the sale in lieu thereof.

The history of this principle as thus applied goes back to an early period in this State. There are several aspects to it which should be considered, some of them for the purpose of elimination, and another for the purpose of applying it.

### When the Homestead is of Greater Value Than the Legal Limits.

After much consideration in a case which was briefed by counsel who stood at the head of the profession in this State and by a divided Court, a conclusion was reached in the case of Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308, since approved in many cases, which has application only to a

situation where the property embraced in the deed sought to be vacated, and which was vacated at the suit of the creditor because it was fraudulent and void, exceeded the sum of $2,000.00, the maximum value of the homestead exemption to the debtor. The Court in the Kennedy case ordered the deed vacated because it was made for the purpose of hindering, delaying and defrauding the complainant as a creditor and ordered the land sold for the payment of its debt. It was held that a claim that $2,000.00 out of the proceeds of sale be set apart in lieu of the homestead right was available to the debtor upon petition filed by him in said court *before the sale* was made. It was further held that the claim of exemption was presented in sufficient time because made before the sale, though after the order to sell, and it was error for the chancery court to dismiss the petition.

### When the Homestead is Part of a Larger Tract and No Selection Had Been Made.

In the case of Cross v. Bank of Ensley, 205 Ala. 274, 87 So. 843, the Court was dealing with a claim of homestead on a cross bill seeking to enforce a mortgage executed on land which exceeded the limits of homestead exemption, see, same case, 203 Ala. 561, 84 So. 267, and which was not properly executed to pass the homestead. In a former suit the mortgage was held subject to foreclosure as to it because the evidence was too vague in describing what was claimed as a homestead. But the Court observed that the question of whether a homestead claim was precluded from thereafter being asserted under the Kennedy case, supra, was not presented. The second case, in 205 Ala. 274, 87 So. 843, sought to assert that claim. The Court on that appeal reasserted the principle of the majority in the Kennedy case, but held that the claim had to be presented in the first case before the sale was made, and that the suit then before the Court making such claim could not be entertained because it was not a feature of the former suit which ordered the sale. In that case, as in the Kennedy case, an un-

ascertained portion of the property was not subject to the debt (there was a valid mortgage on that which exceeded the homestead), and it was all ordered sold. As there pointed out, the relief was probably available under the Kennedy case, supra, had application been made in the suit ordering the sale, and that such application could be made after the order of sale but must be done before the sale is made.

In the instant case the trial court overruled the demurrrer on the theory that a claim was made, though it is not being here pursued in that case.

### When the Homestead, Part of a Larger Tract, is Selected Before the Order of Sale.

In the case of Davis v. Harris, 211 Ala. 679, 101 So. 458, this Court was dealing with another aspect of the question, to which we have referred, and that is where the homestead within the limits of the law is selected and claimed out of a larger tract, as to all of which a deed is sought to be set aside for fraud before the court makes a decree setting it aside. When that situation exists it was held, as it has been frequently in other cases, that if in fact the property so selected and claimed was the homestead of the claimant to the extent that it did not exceed in value and area the limits fixed by law, the creditor was not concerned with a conveyance by the grantor to his wife or anyone else, and upon the court determining that to be the situation the conveyance would not be set aside in respect to the homestead. Hamner v. Freeman, 181 Ala. 109, 61 So. 106.

### When All of the Land Included in the Deed Sought to be Vacated Was at the Time of the Conveyance the Homestead of the Grantor and Was in Value and Area Within the Limits Fixed by Law.

In the case of Terry v. Schaeffer, 239 Ala. 264, 194 So. 502, the situation stated above was presented to the Court. The evidence sustained the claim and it was presented as a defense to a suit in equity to set aside the deed upon the claim that it was fraudulent as to complainant, a credi-

tor. The Court noted that under those circumstances it was exempt from levy and sale under execution and that creditors have no claim upon it or interest in it, and that such a conveyance although without consideration is valid in so far as the claim of any creditor of the grantor is concerned. The decree was reversed in vacating the deed at the suit of the creditor. The same result was reached in the case of Smith v. Pitts, 167 Ala. 461, 52 So. 402; First National Bank of Talladega v. Browne, 128 Ala. 557, 29 So. 552, 86 Am.St.Rep. 156; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80.

Applying those principles of law to the present situation, we note that if at the time of the conveyance by Harvey Brown, which was vacated by the decree of June 20, 1946, the value of the interest which was conveyed by him to his wife in said conveyance as well as the area thereof were within the limits fixed by law for a homestead right and it was at that time the homestead of Harvey Brown, a resident of this State, it would not have been vacated at the suit of complainant, a creditor of Harvey Brown upon that defense being made and presented to the court.

We observe that the matter of the homestead claim was not brought to the attention of the court in that suit before the decree was rendered. The answer of this complainant was in the nature of a consent to a decree vacating said conveyance and ordering a sale of the property to pay B. F. Goodrich Silvertown Stores, Inc. She alleges in her present bill that its value over and above her mortgage debt was not in excess of $2,000.00, nor the limits as to area. If she had brought that situation to the attention of the court in the former suit the court would not have set aside the conveyance over her protest. The allegations in her present bill as to the value of homestead are of course admitted by the demurrer to it for the purpose of this hearing.

■ Therefore, we are dealing with a situation where there is a conveyance by a resident of this State to his wife of property not exceeding in value or area his exemption and a creditor without a lien superior to the homestead is seeking to vacate such conveyance. A decree of the court vacating the conveyance, with the consent of the grantee therein in connection with the allegations in the present bill as to its value, is conclusive upon this complainant as such grantee as long as that decree remains in effect that the interest of said Harvey Brown, which he conveyed to her was not his homestead but was subject to the payment of the debt to Harvey Brown's creditor who was the complainant in that case. This complainant is therefore not now, while said decree is outstanding, in any position to claim that said property was not wholly subject to the payment of Harvey Brown's debt. If Harvey Brown's interest in the property conveyed to his wife had been of value more than $2,000.00, the effect of the decree setting aside that conveyance would not be to deprive his wife of her claim for an allowance out of the proceeds of sale in lieu of her homestead, although she may have consented to it. The decree in that event would be justified by the fact that the property was worth more than the exemption. But since it is alleged to be less than the exemption, the decree is only justified by the consent of the grantee and, if otherwise effectual, serves to waive any exemption claim by her.

■■ The bill in the suit in which the conveyance was set aside and the property ordered to be sold did not make parties the four children of Harvey Brown, who were minors at the time of his death, he himself having died prior to the filing of the bill, although they were proper parties since they were heirs of Harvey Brown, then dead. Trotter v. Brown, 232 Ala. 147, 167 So. 310; Kennedy v. First National Bank of Tuscaloosa, supra, 107 Ala. at page 199, 18 So. 396; Davis v. Harris, supra. They were not therefore in any respect concluded by the decree in that case. There was filed in that case a claim of exemptions by Charles Calvin Brown, a son of Harvey Brown, on behalf of his widow, the complainant in the instant case, and his four minor children. That claim was filed after the decree of the court vacating the conveyance of the property by Harvey Brown to his wife and be-

fore the sale thereof, and although this complainant, the wife of Harvey Brown, is prevented by said decree from asserting such claim that situation does not apply to said minor children: so that upon vacating said conveyance and prior to the sale, the right of the minor children to intervene and claim a homestead exemption in the property immediately came into being and was asserted before the sale was made. They have such right, though not parties to that suit. See, Kennedy v. First National Bank of Tuscaloosa, supra 107 Ala. at page 198, 18 So. 396.

We therefore see nothing in that situation which would prevent them from pursuing such course as may be necessary, in the light of the authorities which we have cited, to have the homestead set apart to them, which would be superior in operation to the right of B. F. Goodrich Silvertown Stores, Inc., as a creditor of Harvey Brown to cause said property to be sold in satisfaction of his debt.

The record does not show that said minor children, who are made parties respondent to the bill in the instant case, have a general guardian, or that a guardian ad litem has been appointed for them, or that any appearance has otherwise been made. While the demurrer to the bill, signed by counsel, recites that it is on behalf of "defendants," we do not construe that to mean that he was attorney for these minor children and was undertaking to appear for them in that way, since it is necessary to have a guardian ad litem appear for them.

■ This appellant as a respondent in the instant case cannot complain because other parties are added as respondents who may be improper. Robison v. Robison, 44 Ala. 227; Norwood v. Memphis & Charleston R. R. Co., 72 Ala. 563, 8 Ala.Dig., Equity, ☞117.

■ The case of Cross v. Bank of Ensley, 205 Ala. 274, 87 So. 843, seems to be conclusive of the fact that such a claim of homestead exemption cannot be asserted in the manner here attempted, but that it is necessary to do so in the suit in which the deed was vacated. Coleman v. Birmingham Fertilizer Co., 208 Ala. 160, 93 So. 904. Such was the Kennedy case, supra. So that no decree here rendered should be construed as affecting the rights of those minor children in the original cause in which, before the sale, their claim of exemption was filed and propounded, to pursue that claim and have it acted upon by the court, notwithstanding the sale which was made pursuant to that decree.

On that state of the facts and in that aspect of the instant bill, the present complainant does not show a right to have either the property itself declared to be her homestead nor to have any amount of money in lieu thereof paid to her out of the proceeds of the sale, so that the demurrer to that aspect of the bill should have been sustained and not overruled, as it was. There was error to that, extent.

The demurrer was also addressed to that feature of the bill which seeks a declaration protecting the mortgage of complainant, assigning only the ground that said mortgage had been satisfied prior to the death of Harvey Brown.

■ But the bill which sought to have the deed vacated and the decree doing so in terms only applied to the right attempted to be passed by the deed, which was the equity of redemption. That is all therefore which was embraced in that suit and that was sold. Lovelace v. Webb, 62 Ala. 271; Denman v. Payne, 152 Ala. 342, 44 So. 635. So that the purchaser bought subject to that mortgage. It was the interest of Harvey Brown which he conveyed to his wife which was subjected to a debt of Harvey Brown. That interest was only the equity of redemption. The court did not decree or order that complainant's mortgage was invalid, nor was such a claim made by the bill. Of course her rights under the mortgage were not subject to his debts, if it was valid. And while the deed may have been intended to discharge the mortgage debt, if the deed is itself invalid and vacated as to B. F. Goodrich Silvertown Stores, Inc., the payment of the mortgage debt by the deed was not operative as to said B. F. Goodrich Silvertown Stores, Inc. So far as it is concerned, the status is as though no deed

had been executed by Harvey Brown to his wife. The demurrer to that aspect was properly overruled. See, Lee's Adm'rs v. Fontaine, 10 Ala. 755, 44 Am.Dec. 505.

When the court sustained the demurrer to that aspect of the bill, which is set out in the third paragraph of it, it served to eliminate from the bill that part of it subject to the right of complainant to amend it so as to give it equity in that respect.

We do not wish at this time to express an opinion as to the matter set up in the third paragraph or to specify the nature of the matter which may be set up in an amendment which would justify relief upon the basis of that situation as a bill in the nature of a bill of review.

The bill as at present constructed does not allege that the complainant was misled into signing the answer in which she consented virtually for such a decree to be rendered: consenting to a claim for appellant's counsel of $150.00, as to which no right is shown or claimed in the bill, or that there was any misrepresentation made to her as to the contents or effect of the document which she signed and she does not deny signing it. Whether or not the relation of Russell W. Lynne to her was of such confidential nature as to require him to explain fully to her the nature and contents of the instrument is not presented nor insisted upon on this appeal, but we think that this complainant should have an opportunity of amending her bill in so far as that aspect is concerned or otherwise as she sees fit, so as to enable her if she can in a manner consistent with the facts set up a claim sufficient to support a decree vacating that of June 20, 1946. Compare, section 197, Title 7, Code 1940. She will be given permission to make such amendment to the bill as she feels justified by the facts to do.

The result is that the decree of the court overruling the demurrer to that aspect of the bill which seeks to have the property described in it set aside to complainant as a homestead is reversed and a decree here rendered sustaining the demurrer in that respect. Complainant is allowed thirty days from the time this certificate reaches the register of the Morgan County Circuit Court within which to amend the original bill, if she sees fit to do so; and the decree overruling the demurrer to that aspect which seeks a declaration as to her rights under her mortgage and to other aspects of the bill is affirmed.

Affirmed in part, reversed and rendered in part and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.