(80 South. 332)

### ATHERTON v. TESCH et al. (1 Div. 74.)

(Supreme Court of Alabama. Jan. 23, 1919.)

SUBROGATION ☞28 — PAYMENT OF MORT-GAGE NOTES—NECESSITY FOR PAYMENT · OF WHOLE DEBT.

Several notes, given for purchase price of realty, secured by mortgage, *held* to be regarded as but a single debt with reference to rule that, before subrogation can be enforced by one advancing money to pay a debt, the whole debt must be paid.

Appeal from Circuit Court, Washington County.

Suit to foreclose mortgage by Wm. J. Tesch, as trustee, and others, against Ella C. Atherton and others, wherein the named defendant filed a cross-bill. ·From decree of foreclosure, and granting cross-complainant part of the affirmative relief sought by her, she appeals. Affirmed.

Bill by appellees, William J. Tesch, as trustee, W. H. Donner, H. D. Wing, and the First National Bank of Kaukauna, Wis., against Pinehurst Fruit & Nut Company, a' corporation, Harvey L. Holmes, Hattie R. Holmes, Ella C. Atherton, and others, seeking a foreclosure of a mortgage on certain lands situated in Washington county.

There was a cross-bill filed by respondent Ella C. Atherton, seeking affirmative relief by way of subrogation, and to have the court decree that she was entitled to share equally with the complainants in the original bill in the proceeds of the sale of the property.

Decree of foreclosure was rendered, and the said Ella C. Atherton was allowed to be subrogated; but her rights to payment out of the funds were made subordinate to those of complainants. From this decree the said Ella C. Atherton prosecutes this appeal.

The cause was tried upon agreed statement of facts, in substance as follows: The property embraced in the mortgage was first being administered through one Snively as receiver in the federal court at Mobile, and, under the decree of said court offering said property for sale, respondent Holmes became the purchaser, paying part in cash, and executing notes secured by the mortgage here involved for the balance of the purchase price, which balance was to be paid in installments, extending over a period of four years or more. The fund derived from said receiver's sale belonged to and was to be distributed to the appellees in certain proportions, and the receiver therefore caused each deferred installment to be evidenced by separate notes of such denomination as to enable him to make the proper distribution among the appellees. The notes were indorsed by the receiver to the respective appellees,

and the mortgage transferred to Tesch, as trustee. Soon after the execution of the mortgage, Holmes and wife sold the property to the Pinehurst Fruit & Nut Company, which said corporation assumed the payment of the mortgage debt. The notes secured by the mortgage were payable at a bank; and those maturing in 1913 and 1914 were deposited by the respective holders in bank for collection, and in due course were paid and so marked, and the funds properly accounted for to the respective appellees. The money used in paying the said notes was supplied by appellant Ella C. Atherton and her husband, at the request of the other officers of the Pinehurst Fruit & Nut Company. The Athertons were large stockholders in the corporation, and, the company being unable to meet the notes, the Athertons were requested by other officers of the corporation to pay the notes for the company, which was done. The notes were not assigned, but each note was marked "paid" by the collecting bank and surrendered up at the time of payment. Default was made in the payment of the notes maturing in 1915 and 1916, and it was only after the last installment had matured that appellees discovered that appellant claimed that the previous installments had not been paid by the corporation, but by the Athertons, and that they were therefore subrogated to the rights of the original holders of the notes so paid. The mortgage provides for foreclosure in the event of a failure to pay any note, or any part of any note, at its maturity, and authorizes the foreclosure to be had by the receiver, his successor, or by the owner of any one of the notes described, or the owner of any part of any one of the notes described, and further provides that the proceeds of the foreclosure be ratably distributed to the notes then unpaid, using the language "to the payment pro rata of the notes whether due or not, then remaining unpaid."

As to the cross-complainant, Ella C. Atherton, the decree provides, among other things, as follows:

"That respondent and cross-complainant, Ella C. Atherton, is entitled to a second lien upon the mortgaged premises and property to secure the payment of the amounts advanced to take up the notes which matured in 1913 and 1914, together with interest from June 12, 1912—the date of said notes—which payments and interest amount to $11,649.25."

Bestor & Young, of Mobile, for appellant.
Stevens, McCorvey & McLeod, of Mobile, for appellees.

GARDNER, J. The general rule in regard to subrogation is well stated by the Supreme Court of Indiana in the case of Carithers v. Stuart, 87 Ind. 424, as follows:

'It is a well-settled general rule that before subrogation can be enforced the whole debt must be paid. Substitution cannot be made as long as the debt of the party whose rights are claimed to be used for the purpose of protecting the interest of the applicant for substitution remains unsatisfied, though it be in part only; 'for until he shall be wholly satisfied, there ought and can be no interference with his rights or his securities, which might, even by bare possibility, prejudice or embarrass him in any way in the collection of the residue of his claim.' "

This statement of the law seems to be very generally supported by the authorities. Harris' Law of Subrogation, § 29; Sheldon on Subrogation, §§ 70, 71, 25, and 14; Gaskill v. Huffaker (Ky.) 49 S. W. 770; Wilkins v. Gibson, 113 Ga. 31, 38 S. E. 374, 84 Am. St. Rep. 204; Rec'rs of N. J., etc., Ry. v. Wortendyke, 27 N. J. Eq. 658; London, etc., Mortgage Co. v. Fitzgerald, 55 Minn. 71, 56 N. W. 464; Wyckoff v. Noyes, 36 N. J. Eq. 227; Hubbard v. Le Baron, 110 Iowa, 443, 81 N. W. 681; Appeal of Allegheny Nat. Bk. (Pa.) 7 Atl. 788; Browder v. Hill, 136 Fed. 821, 69 C. C. A. 499.

Indeed, the principle does not seem to be controverted by counsel for appellant, but they insist that, as the mortgage was given to secure several notes falling due at various times, the mortgage as to the several notes is equivalent to so many successive mortgages. It appears without dispute that the mortgage was given to secure a single debt—that is, the purchase price of real estate, remaining unpaid—and the notes were executed for the convenience of the parties, for the proper distribution of said .debts among those interested therein, and payable in installment periods, evidently for the convenience of the mortgagor. We have but a single security for all the notes, which represented in fact but one debt, and we think the following quotation found in Carithers v. Stuart, supra, is fully applicable to this contention:

"The several notes secured by the mortgage in this case must, we think, be regarded as but one debt with reference to the rule in question."

At the time of the execution of the mortgage, the entire indebtedness belonged to the complainants in this case, and a large portion thereof yet remains unpaid. Not only so, but it appears that they had no notice whatever that the debt was not being satisfied by the payment of the notes as they fell due, and their security thereby increased, until after default was made in the note due in 1916; and thus the period for foreclosure was postponed for more than two years beyond the time at which foreclosure could have been had. It would therefore appear that by the enforcement of the right of subrogation, so as to share ratably with the complainants, the rights of the latter would be seriously interfered with. All of the authorities agree that subrogation will not be enforced if the rights of creditors, as to the remainder of the debt, are to be in the least prejudiced thereby. Authorities supra.

In the decree rendered, the appellant, Ella C. Atherton, was granted the right of subrogation, but such right was postponed as secondary to the rights of the complainants; and it is only this latter feature of the decree which we are called upon to review.

The decree of the court below is here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.