**NATIONAL UNION FIRE INS. CO. v. PRICE et al. (4 Div. 108.)**

(Supreme Court of Alabama. April 24, 1924.)

1. Subrogation ⟨⟩41(5) — Bills sufficiently identified mortgage as against demurrer.

A bill by an insurance company for subrogation to rights of mortgagee of the insured property, accurately describing the property, real and personal, naming the holder and owner and amount of secured debt, sufficiently identified the mortgage, as against demurrer.

2. Insurance ⟨⟩606(2)—Defrauded insurance company entitled to subrogation to any fully satisfied mortgagee, but not pro tanto to one partially satisfied.

Where an insurance company paid money on a fire policy, in ignorance that it had been rendered void by fraudulent violation of a clause against taking out another policy, the company was entitled to subrogation to any mortgagee's rights whose debt had been fully satisfied, with the insurance money, but not pro tanto to a partially satisfied mortgage, because it might interfere with securities of the mortgagee or his assignee.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill in equity by the National Union Fire Insurance Company against H. C. Price and others seeking to be subrogated under a mortgage. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The right of subrogation rests upon the doctrine of natural equity. 37 Cyc. 363, 370; Jones v. Bacon, 72 Hun, 506, 25 N. Y. Supp. 212. Payment made in ignorance of the real facts cannot be said to be voluntary, and the person so paying may be subrogated. 37 Cyc. 378; Bolman v. Lohman, 74 Ala. 507. The fact that the debt is not fully paid does not defeat complainant's right to subrogation. Kelly v. Kelly, 54 Mich. 30, 19 N. W. 580; Comins v. Culver, 35 N. J. Eq. 94; Barnes v. Barnes, 24 Ky. Law Rep. 1732, 72 S. W. 282.

Espy & Hill, of Dothan, for appellees.

One of the indispensable elements of subrogation is that the mortgage debt be paid. 37 Cyc. 408; Atherton v. Tesch, 202 Ala. 448, 80 South. 832.

MILLER, J. This is a bill in equity filed by the National Union Fire Insurance Company, a corporation, against H. C. Price, Charlie Frazier, and the Farmers' State Bank of Newville, a corporation. It seeks to be subrogated to the rights of the Farmers' State Bank of Newville under a mortgage held by it on a dwelling house, barn, and land, together with certain personal property. The defendants demurred to the bill, the demurrers were sustained by the court, and from this decree the appeal is prosecuted by the complainant.

The complainant issued to Charlie Frazier a fire insurance policy on the dwelling, barn, and all the personal property described in the mortgage. The property was destroyed by fire, except the cattle and the land on which the house and barn were located. The policy had a loss clause, payable to H. C. Price in case of loss, as his interest may appear. The loss sustained under the policy was adjusted by complainant with Charlie Frazier in the sum of $2,669.50.

The appellee insists the demurrers were properly sustained because the "bill does not allege that the mortgage which it is claimed that complainant paid was executed by Charlie Frazier to the bank, nor does the bill allege who in fact executed the mortgage."

The bill alleges the $2,669.50 was paid by complainant to H. C. Price, and avers:

"That said sum was paid by said Price to said bank, respondent, and credited on its mortgage debt due it from respondent Frazier."

The bill also stated:

"At the time of said fire the said Farmers' State Bank of Newville had a mortgage from

the said Charlie Frazier and wife on the following lands, about 280 acres, describing it by government numbers; and plaintiff's $2,669.50 was used pro tanto to the satisfaction of said mortgage to said bank."

[1, 2] It is clear from the bill that the mortgage was executed by Charlie Frazier and wife, that the bank held the mortgage at the time of the fire, and the loss, if any, under the policy, was payable to H. C. Price, and it was paid to Price and by him paid to the bank on the mortgage. It is not definite and certain whether the bank was the mortgagee or Price was the mortgagee and the bank his transferee; but it is certain the mortgage was executed by Frazier and wife; the bank held and owned it at the time of the fire; the loss under the policy was payable to Price; and that Price collected it and paid the $2,669.50 to the bank to be credited on this mortgage debt of Frazier. From these facts we could reasonably infer that Frazier was the mortgagor, Price the mortgagee, and the bank holds the mortgage as transferee of the mortgagee. These grounds of demurrer were not well taken. The mortgage was sufficiently described and identified in the bill; it described accurately the property, real and personal, embraced in it; the name of the holder and owner of it, and the amount of the debt secured by it. The defendants demur to the bill because it fails to aver the entire mortgage debt has been paid, and because it fails to aver the $2,669.50 paid by it satisfied in full the balance due on the mortgage debt. The bill alleges the amount due on the mortgage "to be about $4,500" at the time of the fire, and the $2,669.50 paid by complainant was credited on this mortgage debt. The bill states the $2,669.50 was, pro tanto, used to the satisfaction of said mortgage to said bank. It further alleges:

"Frazier and Price and said bank took and used the money of plaintiff in the sum of $2,-669.50 to pay off pro tanto the said mortgage to said bank."

The bill fails to aver the whole mortgage debt has been paid; in fact, it affirmatively appears from the averments that the entire mortgage debt has not been paid. The $2,-669.50 paid only a part of it, and was "credited on the mortgage debt" of "about $4,500," and the balance due remains unpaid. This would prevent the enforcement of subrogation if complainant is entitled in equity to it. In Cross v. Bank of Ensley, 205 Ala. 274, 87 South. 843, this court wrote:

"The general rule in regard to subrogation was stated in Atherton v. Tesch, 202 Ala. 448, 80 South. 832, to the effect that before subrogation can be enforced the whole debt must be paid, and, further, that subrogation will not be enforced if the rights of a creditor are to be in the least prejudiced thereby."

The reason for the rule has been stated by this court, and we will not repeat it.

These grounds of demurrer to the bill of complaint were well taken, and the court did not err in sustaining them. Atherton v. Tesch, 202 Ala. 448, 80 South. 832; Cross v. Bank of Ensley, 205 Ala. 274, 87 South. 843; 37 Cyc. 408, notes 69–71.

This court has declared the right to enforce subrogation existed, in Bolman v. Lohman, 74 Ala. 507, as follows:

"Where there is misrepresentation and fraud, by which one has been induced to advance money to discharge a lien on property, and the money is so appropriated, it is common for equity to protect the lender, by subrogating him to the lien which his money has been used to extinguish. Less than this would be to encourage fraud by placing a premium upon artifice and dishonesty. Wolff v. Walter, 56 Mo. 292; Sheldon on Sub. § 247."

In 37 Cyc. 378, notes 72, 73, we find this general principle stated, which is supported by many authorities:

"But payments made in ignorance of the real state, of facts cannot be said to be voluntary, and a person who has paid a debt under a colorable obligation to do so, that he may protect his own claim, or under an honest belief that he is bound, will be subrogated."

This bill alleges the insurance policy contained a clause, agreed to by the parties, by and under which the policy was void, if there was another policy of fire insurance on this property. There was another policy of fire insurance on this property for $700, issued by the Ætna Insurance Company. The complainant had no notice or knowledge of this policy being on the property until after the $2,669.50 was paid by it to Price; and when its policy was issued Frazier, the owner of the property, informed complainant there was no other policy of insurance on the property, .and that complainant was misled, deceived, and defrauded into paying the $2,669.50 to the mortgagee on the mortgage debt under the policy under an honest belief that he was bound to do so, when, in fact, the insurance contract was void and payment was made by complainant in ignorance of the facts which rendered the insurance policy contract void.

It evidently appears from these facts alleged in the bill that complainant paid the $2,669.50 to the mortgagee in ignorance of the real facts which rendered the insurance contract void; the debt, after the loss by fire, was paid by it under colorable obligation, the insurance policy, to do so, and it was paid under an honest belief that it was bound to do so at the time it was paid. This would entitle complainant to the right to invoke the doctrine of subrogation, if the whole mortgage debt had been paid. Authorities supra.

A pro tanto subrogation, which complainant seeks by the bill, is not allowable. A

part of the mortgage debt of $4,500 cannot in equity be assigned to it, because it might possibly interfere with the securities of the mortgagee or his assignee, the bank, and prejudice his rights in collecting the balance due on the mortgage debt, which is not permissible. Atherton v. Tesch, 202 Ala. 448, 80 South. 832; Cross v. Bank of Ensley, 205 Ala. 274, 87 South. 843; 37 Cyc. 408, notes 69–71.

The decree sustaining the demurrers to the bill is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.