WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY *vs.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

Suffolk.    January 14, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Bond,* To dissolve attachment. *Bankruptcy. Surety. Subrogation.*

A judgment creditor proved his claim in bankruptcy proceedings of the debtor, who, pending the determination of the action, had been adjudicated a bankrupt, and received a dividend of five per cent as such creditor. The surety upon a bond which, three years before the bank-

ruptcy, had been given by the defendant to the plaintiff to dissolve an attachment in the action, paid the plaintiff all but five per cent of the penal sum of the bond. The entire amount of the bond was less than the unpaid portion of the judgment. In an action by the judgment creditor against the surety for the unpaid five per cent of the penal sum of the bond, it was *held,* that

(1) Section 57 (i) of the national bankruptcy act was not applicable;

(2) The surety had no right to subrogation to the creditor's rights in the bankruptcy proceedings, since the obligation for which he was surety had not been paid in full.

CONTRACT for $2,500 alleged to be a balance due upon a bond given to dissolve an attachment. Writ dated April 30, 1923.

In the Superior Court, the action was heard by *Weed,* J., without a jury, upon an agreed statement of facts. Material facts, requests by the defendant for rulings, and exceptions saved by the defendant are described in the opinion. There was a finding for the plaintiff in the sum of $2,717.50. The defendant alleged exceptions.

*J. H. Duffy,* for the defendant.

*L. S. Nicholson,* for the plaintiff.

CROSBY, J. This is an action of contract to recover the balance due from the defendant as surety on a bond, which was given to the plaintiff to dissolve an attachment in a suit brought by it against Stuart-Howland Company and was approved by the court on August 4, 1919. The bond recites that Stuart-Howland Company as principal, and the defendant as surety "are holden and stand firmly bound and obliged unto" the plaintiff "in the full and just sum of fifty thousand dollars;" the condition being that "if the above-bounden Stuart-Howland Company shall pay to the plaintiff in said action the amount, if any, that he may recover therein within thirty days after the final judgment in said action; . . . then the above-written obligation shall be null and void; otherwise it shall remain in full force and virtue." In its action against Stuart-Howland Company the plaintiff on December 28, 1922, recovered a final judgment of $96,325.86. On August 23, 1922, Stuart-Howland Company was adjudicated bankrupt. The plaintiff proved against the bankrupt estate the full amount of its judgment,

and received a dividend of five per cent thereon, amounting to $4,816.29. On January 31, 1923, the defendant paid the plaintiff on account of the principal of the bond $47,500. On February 6, 1923, the plaintiff was also paid the sum of $20,000 on its judgment by the Fidelity and Casualty Company of New York in full of the penal sum of a bond given to the plaintiff to release another attachment made in the same suit; the last named company being surety on that bond. The sums so received by the plaintiff, amounting to $72,316.29, left a balance due and unpaid on the judgment of $24,009.57. The plaintiff having been paid by the defendant $47,500 on the bond, brings this suit to recover $2,500, the balance alleged to be due with interest.

The defendant contends that it is entitled to be credited with $2,500, that being five per cent of the penal sum of the bond which was received by the plaintiff as a portion of the dividend on the claim proved by it against the bankrupt's estate, on the ground of subrogation. The defendant made various requests for rulings, all of which in substance were to the effect that the defendant was entitled to be credited with $2,500 so received by the plaintiff, and that if so credited the defendant would have paid the full amount of the penal sum of the bond. .

The defendant relies on § 57 (i) of the national bankruptcy act which provides as follows: "Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor." This section is not applicable to the case at bar. It applies only where the creditor "fails to prove such claim." In the present case the plaintiff has proved its claim against the bankrupt estate of Stuart-Howland Company. See *In re Hanson & Tyler Auto Co.* 286 Fed. Rep. 161. It has been uniformly held that a surety has no right of subrogation until the claim upon which he is surety has been paid in full or otherwise entirely satisfied. This principle applies not only to cases where the surety's liability is limited in amount,

but to cases where there is no such limit.   The general rule is stated in Sheldon on Subrogation, (2d ed.) § 127, as follows: "The right of subrogation does not arise in favor of a surety until he has actually paid the debt for which he is liable as surety; the right does not accrue upon a partial payment by the surety, until the creditor is wholly satisfied. Even if a surety is liable only for a part of the debt, and pays that part for which he is liable, he cannot be subrogated to the securities held by the creditor until the whole demand of the creditor is satisfied."   The rule so stated has been generally recognized and often applied.   *Guaranty Security Corp.* v. *Oppenheimer,* 243 Mass. 324.   *United States* v. *National Surety Co.* 254 U. S. 73.   *American Surety Co. of New York* v. *Finletter,* 274 Fed. Rep. 152.   *United States Fidelity & Guaranty Co.* v. *Union Bank & Trust Co.* 228 Fed. Rep. 448; 143 C. C. A. 30.   *Ellis* v. *Emmanuel,* 1 Ex. D. 157.   *Illinois Surety Co.* v. *United States,* 226 Fed. Rep. 665.

The defendant in definite and unequivocal terms guaranteed the full payment of any judgment recovered but limited the amount of its liability to $50,000.   It agreed to continue liable as surety unless Stuart-Howland Company paid within thirty days the full amount for which judgment might be recovered.   It is plain for the reasons stated that the defendant was not entitled to be credited with $2,500 on its liability as surety.   The requests for rulings which were denied could not properly have been given.

*Exceptions overruled.*